# EXHIBIT A

16-2019-CA-002822-XXXX-MA Div: CV-A

Filing # 88043834 E-Filed 04/16/2019 12:35:16 PM

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR DUVAL COUNTY, FLORIDA
## CIVIL DIVISION

ANTONIO GARCIA,

      Plaintiff,

                                CASE NO:

v.

G4S SECURE SOLUTIONS (USA) INC.,

      Defendant.

_____/

                     __SUMMONS__

*JK05*
*APR 2 2 2019*
*11:35 am*

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** ~~to serve this~~ Summons, a copy of the Complaint, Request for Production, First Set of Interrogatories, ~~and~~ Notice of Taking Corporate Representative Deposition in this action on defendant:

                G4S SECURE SOLUTIONS (USA) INC.
       C/O CORPORATION SERVICE COMPANY, Registered Agent
                     1201 HAYS STREET
              TALLAHASSEE, FL 32301-2525

      Each defendant is required to serve written defenses to the complaint or petition on Luis A. Cabassa, plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on April 16, 2019.

| | |
|---|---|
| *[signature]* | **Ronnie Fussell**<br>As Clerk of the Court |
| Printed: Luis A. Cabassa<br>Attorney for Plaintiffs<br>Address: Wenzel Fenton Cabassa<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Florida Bar No. : 0053643 | By: *[signature]*<br><br>As Deputy Clerk<br>(904) 255-2000 |

_____

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

If you are a person with a disability who needs any accommodation in order to access court facilities or participate in court proceeding, you are entitled, at no cost to you, to the provision of certain assistance.   To request such an accommodation, please contact Curt Administration at least three business days prior to the required service by using one of the following methods: Phone – (904) 630-2564;  Fax  –  (904)  630-1146;  TTD/TTY  –  (800)  955-8770  (Florida  Relay  Service).  E-Mai-crtintrp@coj.net.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre
argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

2

Filing # 88043834 E-Filed 04/16/2019 12:35:16 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

ANTONIO GARCIA,

     Plaintiff,

                                    CASE NO.:

v.

G4S SECURE SOLUTIONS (USA) INC.,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, ANTONIO GARCIA ("Plaintiff"), by and through undersigned counsel, hereby

sues Defendant, G4S SECURE SOLUTIONS (USA) INC. ("Defendant"), and in support of his

claims states as follows:

## JURISDICTION AND VENUE

     1.     This is an action for damages in excess of $15,000, exclusive of interest, fees, and

costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid

wages under Florida common law.

     2.     Venue is proper in Duval County, because all of the events giving rise to these

claims occurred in this County.

## PARTIES

     3.     Plaintiff is a resident of Duval County, Florida.

     4.     Defendant operates a security services company in Jacksonville, in Duval County,

Florida.

## GENERAL ALLEGATIONS

     5.     Plaintiff has satisfied all conditions precedent, or they have been waived.

6.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.      Plaintiff requests a jury trial for all issues so triable.

8.      At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.     Defendant continues to be an "employer" within the meaning of the FLSA.

12.     At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

14.     Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; he had no special or professional qualifications and skills for the explicit use of which he was employed by Defendant; and he had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

15.     Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA

16.     At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## FACTS

17.    Plaintiff began working for Defendant as a CFO Security Officer in October 2018, and he continues to be employed in the capacity.

18.    At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid a minimum wage for all of the hours that he worked.

19.    At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for all of his overtime hours at a rate equal to one and one-half times his regular hourly rate.

20.    Defendant failed to pay Plaintiff an overtime premium for all of his overtime hours, in violation of the FLSA.

21.    In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff an hourly salary of twelve dollars and fifty cents ($12.50).

22.    Defendant failed to pay Plaintiff all wages owed to him, including all hourly wages from November 2018 to present.

23.    Plaintiff's hourly wages constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

24.    Defendant's failure to pay Plaintiff all of his wages, including, was willful.

25.    Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

26.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27.    During the statutory period, Plaintiff worked for Defendant, and he was not paid a minimum wage for the hours that he worked, as mandated by the FLSA.

3

28.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)      Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b)      Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c)      An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d)      To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)      A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)      All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

30.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

31.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

32.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33.     As a result of the foregoing, Plaintiff has suffered damages.

4

**WHEREFORE**, Plaintiff demands:

a)   Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)   Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c)   An amount equal to Plaintiff's overtime damages as liquidated damages;

d)   To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)   A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)   All costs and attorney's fees incurred in prosecuting these claims; and

g)   For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

34.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

35.   Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for his services.

36.   Defendant failed to pay Plaintiff all "wages" owed to him, including his hourly wages.

37.   As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

5

c)   Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d)   All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

e)   For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 16th day of April, 2019.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**

Filing # 88043834 E-Filed 04/16/2019 12:35:16 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

ANTONIO GARCIA,

     Plaintiff,

v.                                   CASE NO.:

G4S SECURE SOLUTIONS (USA) INC.,

     Defendant.

_____/

PLAINTIFF'S NOTICE OF TAKING
CORPORATE REPRESENTATIVE DEPOSITION

PLEASE TAKE NOTICE that Counsel for Plaintiff will take the deposition of the

Corporate Representative(s) of Defendant, G4S SECURE SOLUTIONS (USA) INC., on the date,

time, and location stated below, such deposition to continue from day to day until completed:

| NAME | DATE/TIME | LOCATION |
|---|---|---|
| CORPORATE REPRESENTATIVE TO BE DESIGNATED BY DEFENDANT | TBD | TBD |

Before a court reporter, notary public, or before a duly assigned representative, who is not

of counsel to the parties or interested in the events of this cause.

Defendant is required to designate one or more corporate representatives or individuals to

testify about information known or reasonably available to Defendant on the following subjects:

1.     The attendance, schedules, and time records of Plaintiff.

2.     The job duties and job descriptions of Plaintiff.

3.     Hours worked by Plaintiff.

4.     The process used by Defendant to collect documents for production to Plaintiff in
     response to Plaintiff's Requests for Production of documents, including but not

limited to searches and production from Defendant's electronic mail system.

5.     Compensation paid to Plaintiff, including overtime and fringe benefits.

6.     Records maintained by Defendant to track Plaintiff's hours worked and compensation.

7.     Plaintiff's work schedule and the work schedule of all persons who were employed by Defendant in the same capacity as Plaintiff between 2018 and 2019.

8.     The training and qualifications of Plaintiff's supervisors, with respect to the Fair Labor Standards Act.

9.     Facts supporting any affirmative defense or defense pled by Defendant.

10.     Confirmation and details relating to any response by Defendant to Plaintiff's First Set of Interrogatories.

11.     The gross revenue for Defendant for 2018 and 2019.

12.     Any investigations conducted or complaints received by the United States Department of Labor in relation to Defendant within the past five years.

13.     Any complaints filed against Defendant under the Fair Labor Standards Act within the past five years.

14.     Classification of Plaintiff as an exempt or non-exempt employee for purposes of the Fair Labor Standards Act.

15.     Defendant's policies and procedures regarding overtime and pay.

16.     Defendant's submissions to any administrative agency in relation to Plaintiff's employment.

Upon oral examination pursuant to the Florida Rules of Civil Procedure, before a court reporter or any other notary public or officer authorized by law to take depositions. Said deposition(s) will be taken for the purposes permitted by the rules governing the conduct of the case.

Dated this 16th day of April 2019.

2

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant on the date the complaint was served.

**LUIS A. CABASSA**

3

Filing # 88043834 E-Filed 04/16/2019 12:35:16 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

ANTONIO GARCIA,

      Plaintiff,                      CASE NO.

v.

G4S SECURE SOLUTIONS (USA) INC.,

      Defendant.

_____/

**PLAINTIFF'S NOTICE OF SERVICE OF**
**FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff, ANTONIO GARCIA, propounds the following Interrogatories to Defendant,

G4S SECURE SOLUTIONS (USA) INC., to be answered in writing, under oath and in accordance

with the Florida Rules of Civil Procedure.

Dated this 16th day of April, 2019.

                                    Respectfully submitted,

                                      _____

                                      **LUIS A. CABASSA**
                                      Florida Bar Number: 0053643
                                      **WENZEL FENTON CABASSA, P.A.**
                                      1110 N. Florida Avenue, Suite 300
                                      Tampa, Florida 33602
                                      Main Number: 813-224-0431
                                      Direct Dial: (813) 379-2565
                                      Facsimile: 813-229-8712
                                      Email: lcabassa@wfclaw.com
                                      Email: twells@wfclaw.com
                                      **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant on the date the complaint was served.

LUIS A. CABASSA

2

## GENERAL INSTRUCTIONS

In answering each interrogatory, you are required not only to furnish such information as you know of your own personal knowledge, but also to furnish information that is in the possession of your attorneys, investigators, actuaries or anyone acting on your behalf or their behalf, except to the extent that such information is privileged. If, after exercising due diligence to secure the information, you are unable to answer in full any interrogatory or portion thereof, so state and answer to the extent possible, specifying the reason you are unable to answer the remainder, describe your efforts to obtain the information and state whatever information is known concerning the unanswered portion, at all times excluding any privileged information.

In the event you claim that any information called for in these interrogatories is privileged or otherwise excludable from discovery, set forth the basis for the claim of privilege or exclusion and provide sufficient information to identify the document, oral communication, or conversation claimed to be privileged or excludable.

If you object to any interrogatory and refuse to answer that part, state your objection, identify the part to which you are objecting and answer the remaining portion of the interrogatory. If you object to the scope or time period of an interrogatory, state your objection, identify the scope or time period to which you are objecting and answer the interrogatory for the scope or time period you believe is appropriate.

If your answer to an interrogatory is qualified in any particular way, set forth the details of such qualification.

These interrogatories are continuing in the manner provided by law. Hence, if after service of your answer to an interrogatory, you obtain additional information responsive thereto, you shall supplement or amend your answer in accordance with the Florida Rules of Civil Procedure.

## I. DEFINITIONS

1.    As used herein, "**Plaintiff**" means ANTONIO GARCIA and all of his agents, representatives, attorneys, consultants, experts, accountants, and all other persons acting or purporting to act for or on behalf of him, regardless of whether they are authorized to do so.

2.    As used herein, "**Defendant**" or "**You**" means G4S SECURE SOLUTIONS (USA) INC., and all of its agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of it.

3.    As used herein, "**dates**" shall include the exact day, month and year, if ascertainable or, if not ascertainable, the best approximation thereof (including in relation to other events). Where approximate dates are used, please enter a written notation to this effect.

4.    "**Document**" includes, but is not limited to, any writing, record, minutes of meetings, work sheet, notes, agreement, contact, memorandum, message, map, diagram, chart, illustration, photograph, pamphlet, diary, computer date or other machine-readable matter, advice, comparison, estimate, letter, interoffice communication, telegram, written analysis, report,

3

summary, tabulation, press release, report or opinion of consultants or counsel, accountants' or auditors' report or opinion, recording, transcription, memorandum made of any telephone communication (which includes, but is not limited to, any letter, interoffice communication and telegram), paper, book, manual or other document. "Document" also includes, but is not limited to, the original, any non-identical copy and any draft of any document.

5.     **"Facts"** means all circumstances, events, acts, occurrences, including the dates thereof, and evidence, including hearsay, pertaining to or touching upon the time in question.

6.     **"Identify"** when used in reference to an individual person means to state:

    i.     his or her full name;

    ii.    whether he or she is or was an employee of Defendant and, if so, all positions he or she held with Defendant and the dates of commencement and termination, if any, of the holding of those positions;

    iii.   his or her present employer and business and home addresses, or if not known, his or her last known employer and business and home addresses;

    iv.    his or her present home and business telephone numbers, or if not known, his or her last known home and business telephone numbers.

7.     **"Identify"** when used in reference to a corporation, partnership, joint venture, firm, labor organization or other entity or organization, means state its full name and address.

8.     **"Identify"** when used in reference to a document means to state the date, title, author, addressee, recipient, type of document (e.g., letter, document, memorandum, telegram, statement, publication, note, etc.), summary of contents and the place and address of its present location and the name and address of its custodian. If a portion only of a document is relevant to a particular interrogatory, then a request to "identify" includes stating a sufficient description thereof to distinguish that portion from the balance of said document, e.g., by page and paragraph number.

9.     **"Identify"** when used in reference to any other form of act, conduct, practice, communication, opinion or expression (i.e., not a "document" or "documentary evidence") means to state its nature (e.g., oral statement, activity, action, agreement not reduced to writing, etc.), the date and place thereof, the identity of each person who participated in or heard any part of it or who was present there, the subject matter and substance thereof including, without limitation, the substance of what was said by each person who participated in any oral communication, and the identity of the custodian and location of any writing that recorded, summarized or confirmed the act, conduct, practice, communication, opinion or expression.

10.    **"State whether"** means (i) to provide a "yes" or "no" response to the inquiry, or (ii) in the event you are unable to respond to the inquiry by "yes" or "no", to set forth the reason or

4

reasons you cannot so respond, and otherwise respond fully and accurately in accordance with the information you have available to you.

11.   **"Set forth"** means (i) in the event the inquiry asks for specific names, numbers, dates, items or other specific designations, to state or list such names, numbers, dates, or items, or other designations, or (ii) in the event the inquiry asks for information, other than specific names, numbers, dates, items, or other specific designations, to provide in full detail the information requested.

12.   **"State the factual basis"** means to set forth each and every fact, name, item of information, inference, conclusion, argument, or other thing which you contend supports, or tends to indicate the trust of, the contention, answer, or allegation which is the subject of the inquiry, and as to such fact, etc., set forth each and every source thereof and/or other basis for asserting its truth or existence, and the date of each such fact, etc., where applicable.

## II. INTERROGATORIES

1.  Please identify each and every person who answered any of these interrogatories, provided information for any answer, provided advice, or in any other way took part in the preparation of these answers, describing for each person so identified what part he or she performed in the answering of these interrogatories.

    **ANSWER:**

2.    Please identify all persons who have knowledge of any of the allegations in the Plaintiff's

Complaint or your Answer to the Complaint; and for each person please state:

(a)    The person's name, current address and telephone number.

(b)    The paragraphs of the Complaint or Answer of which the person has knowledge.

(c)    A summary of the specific information that the person has about the paragraph or
the paragraphs of which he or she has knowledge.

**ANSWER:**

7

3.  With respect to your current or former employees, please identify all individual(s) who, for the three year period preceding the filing of this lawsuit, were responsible for maintaining, or who participated in the maintenance of, the records of (i) the number of hours worked by Plaintiff each work day and work week; (ii) Plaintiff's rate of regular and overtime pay; and (iii) the amount of regular and overtime pay earned by Plaintiff.

    **ANSWER:**

8

4.     State with specificity and in detail the time, form, manner and amount in which Plaintiff is or was compensated by Defendant.  Your response should specifically state the basis for the rate of such calculation, (if the amount changed over time, state each amount, and when the amount changed) and include in detail whether Plaintiff was paid on an hourly wage, by salary, pursuant to a piece rate method of compensation, or other compensation policy.

**ANSWER:**

5.   State with specificity and in detail the terms of all agreements or understandings between Defendant and Plaintiff regarding the basis of Plaintiff's compensation, and describe the records and documents upon which you rely in responding to this Interrogatory.

**ANSWER:**

6.    If Defendant maintains records of the number of hours worked by Plaintiff, describe those records, the manner in which such records were compiled, the name of the individual(s) responsible for compiling those records, the place where such records were maintained, and the identity of the person(s) who has custody of such records from 2018 and 2019.

**ANSWER:**

11

7.   If Defendant claims that Plaintiff is not entitled to be paid time and one-half for every hour Plaintiff worked in excess of forty (40) hours per work week, please set forth the reason for your claim and the factual basis upon which you make the claim and describe the records and documents upon which you rely in responding to this Interrogatory.

**ANSWER:**

8.    If you claim that Plaintiff is or was exempt from the provisions of the Fair Labor Standards
      Act, please state the specific exemption upon which you rely, and indicate as part of your
      answer the factual basis for claiming such exemption and describe the records and
      documents upon which you reply in responding to this Interrogatory.

      **ANSWER:**

13

9.   If Defendant claims that it relied upon any ruling, regulation or interpretation or decision

     of any kind issued, promulgated or drafted by the United States Department of Labor in

     support of its failure to pay Plaintiff time and one-half for all hours worked in excess of

     forty (40) hours per week, describe and provide the citation of all such documents.

     **ANSWER:**

14

10. If Defendant or any entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor or has received a claim by or demand from any employee regarding minimum wage or overtime compensation, state the name of the claimant as well as the nature of the claim and/or investigation, and describe in detail the factual basis of the suit, claim and/or investigation.

**ANSWER:**

15

11.   State the name, address and telephone number of all Certified Public Accounting Firms, services, bookkeeping services and payroll services which provided services to Defendant for the three years preceding the filing of this lawsuit.

**ANSWER**:

16

12.   State whether you or any attorney or representative acting on your behalf has obtained from any person or entity any statements, reports, memoranda or recordings that in any way concern the facts of this case or the matter alleged in your pleadings.

   (a)   If your answer is in the affirmative, separately identify the author of each such statement, report, memorandum or recording; the person or persons to whom such statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date on which each such statement, report, memorandum or recording was prepared.

   **ANSWER:**

13.   Please identify the individual(s) or employee(s) of Defendant responsible for computing the weekly wages due to and/or paid to Plaintiff.

**ANSWER:**

18

14.   Please identify the person or persons most instrumental in crafting, creating or developing Defendant's pay policies, including the pay policy at issue as it applied to Plaintiff and other employees during the three years immediately preceding the filing of this lawsuit.

**ANSWER:**

15.   Please identify all employees of Defendant (including former employees) whose duties were similar to those performed by Plaintiff for Defendant, who were compensated in a manner similar to Plaintiff, and who were employed by the Defendant within the three years preceding the filing of this lawsuit.

**ANSWER:**

16.   With respect to each and every defense, affirmative defense, or counterclaim raised by Defendant in its response to Plaintiff's Complaint, state separately for each such defense or counterclaim any and all factual and legal support for such defense or counterclaim and identify all witnesses who have knowledge of the facts which support such defense or counterclaim.

**ANSWER:**

21

17.  Identify any and all non-privileged documents upon which Defendant relied in answering each of the above Interrogatories, and for each such document identified, please provide the Interrogatory Number that each such document relates to.

**ANSWER:**

18. Set forth in detail each and every fact with regard to the termination of Plaintiff's employment, including:

    a) the name, job title, and address of the person who made the initial recommendation to discharge Plaintiff, and the date of such recommendation;

    b) the name, job title, and address of the person who made the ultimate decision to discharge Plaintiff, and the date that the ultimate decision was made;

    c) the name, job title, and address of each person who participated in the decision;

    d) specify how each person identified in (c) participated in the decision;

    e) the specific reasons why Plaintiff was discharged;

    f) the effective date of discharge;

    g) the name of the person who informed Plaintiff that he was discharged and a summary of the conversation through which Plaintiff was informed that he was discharged; and

    h) the name of each person present at the conversation during which Plaintiff was discharged.

**ANSWER:**

19.    Identify all persons employed at Plaintiff's worksite during the last four years by title, dates

of employment, dates of birth, and last known telephone numbers and addresses. Identify

all person(s) with knowledge pertaining to the information contained in your answer, and

identify all documents that support your answer.

**ANSWER:**

20.     Identify all persons terminated from employment during the last four years at Plaintiff's worksite and give the reasons for their termination from employment. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

   **ANSWER:**

21.    Identify all lawsuits involving similar claims as those filed by Plaintiff against Defendant within the last five years, limited to Plaintiff's worksite. Identify all person(s) with knowledge of the information contained in your answer, and identify all documents that support your answer.

**ANSWER:**

## VERIFICATION

I, _____, the _____ for G4S SECURE
SOLUTIONS (USA) INC., hereby attest that the answers to the foregoing interrogatories are true
and correct to the best of my knowledge and belief.

Executed this _____ day of _____, 2019.

G4S SECURE SOLUTIONS (USA) INC.

By: _____

Its: _____

STATE OF FLORIDA

COUNTY OF _____

I HEREBY CERTIFY that on this day personally appeared before me, the undersigned
authority duly authorized to administer oaths and take acknowledgments, _____,
the _____ of G4S SECURE SOLUTIONS (USA) INC., who is personally known
to me or who has produced as identification_____, and who did/did not take
an oath.

_____
NOTARY PUBLIC

27

Filing # 88043834 E-Filed 04/16/2019 12:35:16 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

ANTONIO GARCIA,

      Plaintiff,                       CASE NO.:

v.

G4S SECURE SOLUTIONS (USA) INC.,

      Defendant.

_____/

PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff, ANTONIO GARCIA (hereinafter "Plaintiff"), by and through undersigned counsel and in accordance with the Florida Rules of Civil Procedure, hereby requests that Defendant, G4S SECURE SOLUTIONS (USA) INC. (hereinafter "Defendant"), diligently and carefully search for, inquire after, and produce for inspection and copying the documents identified below, regardless of their origin:

I. INSTRUCTIONS

    1.    Defendant shall produce these documents within **forty-five (45) days** after service of this request.

    2.    In accordance with the Florida Rules of Civil Procedure, Defendant is hereby instructed to produce documents as they are kept in the ordinary course of business, or to organize and label documents so that they correspond with the categories in this request. In addition, all documents are to be produced in full and unexpurgated form. Redacted documents will not be deemed to comply with this request.

    3.    If any document described in this request was, but no longer is, in Defendant's possession, custody, or control, please state whether the document:

        (a)    is missing or lost;
        (b)    has been destroyed;
        (c)    has been transferred, voluntarily or involuntarily, to others; or
        (d)    has otherwise been disposed of.

In each instance, please explain the circumstances surrounding the document's disposition, identify the person or persons authorizing the disposition, and list the date on which the document was so disposed. Please identify each document by listing the following information: Name and address of the author of the document; the nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.); date on which the document was created; subject matter of the document; present location(s) of the document; custodian (s); and whether the document (or a copy) is still in existence.

4.      If any requested document is believed to be privileged, or for some other reason may not be subject to production, please provide the following information:

   (a)    The nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.);
   (b)    Its date of creation;
   (c)    The name and address of its author; or,
   (d)    The identity of each recipient and addressee of the original document;
   (e)    The identity of all other persons who received copies of the document;
   (f)    The subject matter of the document; and
   (g)    The reason(s) for non-production, including all legal grounds.

5.      This request for production is a continuing one. Supplementation of responses to this request shall be made in accordance with the Florida Rules of Civil Procedure.

## II. DEFINITIONS

Whenever used in this request, the following definitions shall apply:

1.      *"Plaintiff"* means ANTONIO GARCIA and all of his agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of him, regardless of whether they are authorized to do so.

2.      *"Defendant"* or *"You"* and *"your"* shall mean or refer to G4S SECURE SOLUTIONS (USA) INC., and all of its agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of it.

3.      If this request is directed to a natural person, then "Defendant" shall refer to the natural person named in the request.

4.      The term *"document"* is used in the broadest sense that the Florida Rules of Civil Procedure permit. Specifically, *"document"* includes, but is not limited to, all writings of any nature or type whatsoever, whether they contain written or graphic material, which are within the possession, custody, or control of the Defendant, or of any agent, employee, or representative (including, without limitation, attorneys, advisors, physicians, consultants, and accountants) or other person acting or purporting to act for or on behalf of Defendant, or in concert with them, including, but not limited to: Letters, tape recordings, notes, affidavits, contracts, agreements,

2

communications, correspondence, telegrams, telexes, cables, memoranda, records, reports, books, notebooks, summaries or records of telephone conversations, shipping documents, personal conversations or interviews, diaries, calendars, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, slides, demonstrative or visual aids, accounts, analytical records, minutes or records, appraisals, records, checks, check stubs, employment materials, expense accounts, receipts, reports or summaries of negotiations, brochures, lists, journals, and advertisements.

The term "*document*" also includes electronically recorded information, such as electronic mail ("email"), html files, databases, data processing tapes and cards, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes, video tapes, audio tapes, view-graphs, any information maintained on digital, electronic, magnetic or other media, and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, index, tape recording, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronically recorded information shall also be produced in native format and any metadata shall be included.

"*Documents*" shall also include copies of documents (including but not limited to carbon, handwritten, typewritten, microfilmed, photostatic or Xerox copies), including non-identical copies, regardless of whether they differ from the original because of any alteration, notes, comments, or other material contained therein or attached thereto, or for another reason.

For the purpose of the foregoing, "*draft*" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, regardless of whether such draft was superseded by a later draft, or the terms of the draft differ from those of the final document. The term "*copies*" means all copies of a document, including those copies that are not identical in every respect to the documents being produced.

The terms "*document*" and "*documents*" also include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the folder in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5.    "*Metadata*" means the data found within documents. It includes all electronically stored information that describes or defines the document that is not generally visible in the ordinary electronic display or printing of the document. Common examples include comments, markups, revisions, the author's name, the owner's name, the names of those who have edited the document, creation dates, edit dates, and other information including, but not limited to, records of past versions and drafts.

6.    "*Native format,*" as it relates to the production of electronic data, means the file format in which the document is ordinarily read and written by its related software application. For example, a Microsoft Word 2003 document has a native format of .doc while an Adobe

3

Acrobat document has a native format of .pdf.

7.    *"Relating to"* means regarding, supporting, tending to support, refuting, tending to refute, or concerning (including, mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or having any connection with or bearing upon), directly or indirectly, the matter in question.

8.    *"And/or"* shall be construed conjunctively and disjunctively, so as to demand and elicit the broadest possible response to a particular inquiry.

9.    *"Complaint"* means the original complaint that was filed in this action, as amended through the date of this request.

## III. MANNER OF COMPLIANCE WITH RULES

In accordance with the Florida Rules of Civil Procedure, Plaintiff hereby designates a reasonable time, place, and manner for Defendant to make the requested documents available for inspection:

**Due Date:**    **Forty-five (45) days** after service of this request.

**Place:**    The Offices of Wenzel Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602, or any other place that the Parties can mutually agree upon.

**Inspection:**    Originals, drafts, and non-identical copies of all the requested documents shall be produced for inspection by Defendant's counsel at the time and place specified above. In the alternative, Defendant may provide true and accurate copies of all requested items via United States Mail.

## IV. DOCUMENTS TO BE PRODUCED

1.    Please produce all documents identified in your answers to Plaintiff's Interrogatories.

2.    Please produce all documents relied upon as a basis for responding to Plaintiff's Interrogatories.

3.    Please produce any and all documents supporting in any manner whatsoever the defenses and affirmative defenses raised in your Answer to the Complaint.

4.    Please produce all documents which support your denial of any of the allegations in the Complaint.

4

5.     Please produce any and all documents relating to the terms and conditions of Plaintiff's employment with Defendant, including all company policies, personnel manual(s), employee handbook(s), and any employment agreement entered into by Plaintiff and Defendant.

6.     Please produce Plaintiff's entire personnel file, including any and all documents and writings that were used to determine Plaintiff's qualifications for employment, transfers, salary, raises, pension eligibility, termination, or any other disciplinary action.

7.     Please produce any and all documents that memorialize and/or record Plaintiff's employment and work performance.

8.     With respect to any lawsuit filed against Defendant after 2015 relating to FLSA violations, please produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

9.     Please produce any employment agreements, correspondence, and documents pertaining to any person, corporation, or entity retained by Defendant to act as an expert witness, advisor, or consultant in the above-styled case.

10.    Please produce a list of qualifications and a current resume for each expert witness, advisor, or consultant retained by Defendant in the above-styled case.

11.    Please produce any and all documents pertaining to Plaintiff's compensation during the course of his employment with Defendant.

12.    Please produce any and all complaints relating to Plaintiff's work performance, as well as any warning notices issued to Plaintiff by Defendant in response to such complaints.

13.    Any and all documents, letters, and memoranda describing, summarizing, or referring to any conversations between Plaintiff and any past or present employee, officer, or director of Defendant, pertaining either to Plaintiff's job performance or to any of Plaintiff's allegations in the instant proceeding.

14.    Please produce all records generated by computer log in efforts, door swipes, video/CCTV recordings, or other documents which reveal the times at which Plaintiff reported to work or left work each day while he was employed by Defendant.

15.    Please produce all phone records for any cell phone(s) issued by Defendant to Plaintiff during the course of Plaintiff's employment with Defendant.

16.    Please produce all text messages, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

17.     Please produce all e-mails, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

18.     Please produce any and all documents providing evidence of any payments, whether in cash or otherwise, made to Plaintiff by any entity other than Defendant, and which Defendant contends were made in exchange for hours worked for Defendant.

19.     Please produce all records which document any efforts made by Defendant to inquire into Plaintiff's background, including but not limited to financial records, criminal history, employment records, and litigation records.

20.     Please produce all documents identifying any retroactive payments of wages or compensation made to any employee under the supervision of the Administrator of the Wage and Hour Division, U.S. Department of Labor, from 2015 to the present, including the amount of each retroactive payment, the employment period corresponding to each retroactive payment, the date on which each retroactive payment was made, and the name of each employee who received such retroactive payment.

21.     Please produce any and all documents received from the United States Department of Labor regarding that agency's investigation and/or audit of the Defendant's wage-hour practices.

22.     Please produce all of Defendant's Federal Income Tax Returns for tax years 2015, 2016, 2017, and 2018.

23.     Please produce all Forms W-2 or Forms 1099 prepared for Plaintiff by Defendant.

24.     With respect to any audits, reconciliations, reviews or investigations by the U.S. Department of Labor ("DOL"), Wage and Hour Division, on or after 2008 of Defendant, or any entity owned in whole or in part by Defendant, please produce all correspondence, reports, schedules, work papers, opinions, Wage and Hour Division administrative interpretations, and other documents that relate or pertain to said inquiry by the DOL of Defendant's compensation practices.

25.     With respect to any lawsuits filed against Defendant after 2014 relating to alleged FLSA violations, please produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

26.     Please produce the corporate or organizational chart of Defendant.

27.     For each pay period during Plaintiff's employment with Defendant, please produce all paychecks, pay reports, pay stubs, computer reports or printouts or other documents evidencing the amount paid to Plaintiff, the number of hours worked by Plaintiff, all deductions from Plaintiff's compensation and the periods for which Plaintiff was absent from work.

28.     Please produce all payroll practice guidelines, record keeping guidelines, directives, memoranda or other documents to supervisors or other managerial personnel regarding the number of hours worked by Defendant's employees employed in a similar capacity as Plaintiff, the practices of Defendant with respect to the payment of compensation to employees such as Plaintiff, and the policies and practices of the Defendant relating to maintenance of records of hours worked by employees similarly situated to Plaintiff.

29.     Please identify all individuals who worked for Defendant at the same location in which Plaintiff worked between 2018 and 2019, and complained to Defendant about not being properly compensated for all hours in excess of forty (40) hours per week during the period in which they worked for Defendant.

30.     Please produce any and all documents received from the United States Department of Labor regarding that agency's investigation and/or audit of the Defendant's wage-hour practices.

31.     Please produce any and all written administrative regulations, orders, rulings, approvals, or interpretations of the Department of Labor and/or other government agencies, including appropriate citations, on which Defendant specifically relied in order to advance and assert a good faith defense to the Complaint.

32.     Please produce all of Defendant's State of Florida Income Tax Returns for tax years 2015, 2016, 2017, and 2018.

33.     If Defendant maintains that its annual gross volume of sales made or business done or gross revenue for tax years 2015, 2016, 2017, and 2018 is less than $500,000 annually, please produce all documents evidencing the gross receipts of Defendant for tax years 2015, 2016, 2017, and 2018. Your response to this request should include, but not be limited to, financial statements (regardless of whether they were audited), all loan applications, and all sales and other receipts for each tax year at issue.

34.     Please produce all documents evidencing the reporting of Plaintiff's earnings to all third parties, which shall include, but shall not be limited to, insurance carriers, insurance agents and/or representatives, the State of Florida, state and local taxing authorities, and the Florida Unemployment Compensation Fund.

35.     Please produce any and all job descriptions, specifications, or other documents that describe or otherwise relate to the functions and/or job duties performed by Plaintiff during the course of his employment with Defendant.

36.     Please produce any and all correspondence exchanged between Plaintiff and Defendant.

37.     Please produce all applicable insurance policies.

7

38.     Please produce any and all documents regarding any discipline issued to Plaintiff and similarly situated individuals during the course of their employment with Defendant for the last three years.

39.     Please produce all documents and reports summarizing any training completed by the individual who acted as Plaintiff's supervisor during Plaintiff's employment with Defendant, with respect to compliance with the overtime provisions of the Fair Labor Standards Act.

40.     If the employment relationship with the defendant has ended, please produce any COBRA notices that were sent to the plaintiff and/or others entitled to notice under COBRA and a copy of the company's process and procedure for preparation and transmission of COBRA notices.

Dated this 16th day of April, 2019.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Defendant on the date the complaint was served.

_____

LUIS A. CABASSA

9