**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANTONIO GARCIA,                )
                               )
       Plaintiff,            )
                               )
v.                             )   Case No.: 3:19-cv-00561-MMH-JBT
                               )
G4S SECURE SOLUTIONS (USA) INC.,)
                               )
       Defendant.            )
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff, Antonio Garcia, and Defendant, G4S Secure Solutions (USA) Inc., together ask this Court to approve the Parties' Settlement Agreement as a fair and reasonable resolution of this bona fide dispute. The Parties submit their Settlement Agreement for review as required by the Court's Order of Administrative Closure and Reference. (Doc. 16) (Ex. A, Settlement Agreement).

## BACKGROUND

This is an unpaid minimum and overtime wage case under the Fair Labor Standards Act ("FLSA") and Florida common law. (Doc. 1). Plaintiff alleged that G4S failed to pay him minimum and overtime wages during his employment. (Doc. 1). G4S denied all allegations and raised several affirmative defenses. (Doc. 5). The Parties then exchanged the Court required discovery and engaged in a good-faith effort to resolve the issues. (Doc. 12). Plaintiff claimed that he worked roughly three hours of overtime per week. (Doc. 11 at 2). As a result, he claimed damages of $618.75, excluding liquidated damages, fees and costs. (Doc. 11 at 2). G4S claimed that it had complied with all FLSA requirements, and if it had not, that it had acted in good faith. (Doc. 5).

After engaging in settlement talks for several weeks, the Parties came to a fair and equitable settlement. (Doc. 15). G4S agreed to pay Plaintiff $1,237.50 for full and final settlement of his wage claims. (Ex. A at 2). G4S also agreed to pay Plaintiff's counsel $4,000.00 for fees and costs associated with litigating this matter. (Ex. A at 2). All Parties have signed the settlement agreement and now ask the Court to approve the settlement and dismiss this action with prejudice.

## ARGUMENT

### A. The Court Should Approve the Settlement Agreement Negotiated by the Parties.

The Eleventh Circuit identified two ways for an FLSA claim to be settled or compromised. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Pertinent here, a district court may approve a settlement agreement if the court determines that the agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA claims. *Id.* One district court explained what a court must consider in its analysis:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Here, the settlement reflects a reasonable compromise of issues in dispute. The settlement was reached in an adversarial context where the Parties were represented by

counsel, and the totality of the settlement is fair and reasonable. The Parties reached a settlement after weeks of settlement discussions and after the Parties exchanged discovery under Court order giving the Parties a clear understanding of the disputed claims. Given Plaintiff's claimed damages of $618.75, exclusive of liquidated damages, fees and costs, the settlement amount, $1,237.50, is a fair resolution to Plaintiff's claims.

### B. The Court Should Approve the Fees and Costs Award Contemplated in the Agreement.

The Parties came to separate a resolution of Plaintiff's attorney's fees and costs. The Parties reached this resolution without regard to the amount to be paid to Plaintiff. Counsel for Plaintiff drafted, filed, and litigated this case until settling with G4S. Given the nature of this case, the attorney's fee payment is reasonable given the expertise required to file both a federal FLSA claim and a Florida common law claim, and the ability of the Parties to reach an amicable settlement.

### CONCLUSION

The Settlement Agreement is a fair and reasonable resolution of a bona fide dispute. The settlement amount is reasonable based on the nature of the issues in dispute, and fees and costs were negotiated separately and without regard to the amount to be paid to Plaintiff. Thus, the Parties ask the Court to approve the settlement agreement and dismiss this case with prejudice.

Respectfully submitted this 7th day of August, 2019,

<table>
<tr><td>

/s/ Luis A. Cabassa
Luis A. Cabassa
Fla. Bar. No. 0053643
Wenzel Fenton Cabassa, P.A.
1100 North Florida Avenue
Suite 300
Tampa, Florida 33602
Telephone: 813-224-0431
Email: lcabassa@wfclaw.com

*Attorney for Plaintiff*

</td><td>

/s/ Kelly Eisenlohr-Moul
Kelly Eisenlohr-Moul
Fl. Bar No. 1003246
Dinsmore & Shohl LLP
1100 Peachtree Street
Suite 950
Atlanta, Georgia 30309
Telephone: 470-300-5337
Email: Kelly.eisenlohr-moul@dinsmore.com

*Attorney for Defendant*

</td></tr>
</table>