## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Release ("Agreement") is entered into this 31 day of July, 2019, by and between ANTONIO GARCIA ("Plaintiff") and G4S SECURE SOLUTIONS (USA) Inc. ("G4S") (collectively, "Parties").

### W I T N E S S E T H

**WHEREAS**, Plaintiff was employed by G4S as a Security Officer; and

**WHEREAS**, Plaintiff, on or about April 16, 2019, filed a lawsuit in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, *Antonio Garcia v. G4S Secure Solutions (USA) Inc.*, Case No. 16-201-CA-002822 (the "Lawsuit"), alleging G4S failed to pay minimum wages and overtime wages under the Fair Labor Standards Act and unpaid wages under Florida common law; and

**WHEREAS**, G4S, on or about May 10, 2019, removed the Lawsuit to the United States Middle District of Florida Jacksonville Division, Case No. 3:19-cv-00561-MMH-JBT; and

**WHEREAS**, G4S denies the allegations made in the Lawsuit and denies any and all liability to Plaintiff; and

**WHEREAS**, Plaintiff has voluntarily agreed to completely resolve with G4S the Lawsuit.

**NOW, THEREFORE**, in consideration of the payment of monies and in further consideration of the promises, covenants, and releases hereinafter set forth, the receipt and sufficiency of which is specifically acknowledged, the Parties hereby agree to address and resolve this matter as follows:

1. **Consideration.** In consideration for the Release of Claims described in Paragraph 4 and all other terms of this Settlement Agreement and Release, G4S will issue payment in the total amount of Five Thousand Two Hundred and Thirty Seven Dollars and Fifty Cents ($5,237.50), payable as follows: One Thousand Two Hundred and Thirty Seven Dollars and Fifty Cents ($1,237.50) for unpaid minimum wages and overtime wages under the Fair Labor Standards Act and Florida common law to Plaintiff, minus any deductions required by law, and Four Thousand Dollars and Zero Cents ($4,000.00) to Wenzel Fenton Cabassa, P.A. G4S will deliver checks in the amount set forth above to Plaintiff's counsel within thirty (30) business days after (and only in the event that) all of the following conditions have occurred: (1) the execution of this Agreement; and (2) the Court's dismissal of the Lawsuit. For the avoidance of doubt, in the event any of the foregoing conditions do not occur all of G4S's obligations under this Agreement, including, but not limited to, any payment obligations herein, shall be null and void.

2. **Other Payments.** Plaintiff agrees and acknowledges that, other than as specifically provided for in this Agreement, no additional payments are due from G4S or any affiliate on any basis whatsoever.

3. **Indemnification.** Plaintiff agrees that he will pay and be fully responsible for, and indemnify and hold Defendants harmless from any liability for any state, federal or local taxes assessed by any governmental entity or taxing authority on account of the payment referenced in Paragraph 1 of this Agreement. Plaintiff understands and agrees that G4S is not providing tax nor legal advice, nor making representations regarding tax obligations or consequences, if any, related to this Agreement. Plaintiff also understands he must complete an IRS Form W-9 and return it to G4S's counsel in order to receive the payment referenced in Paragraph 1 of this Agreement.

4. **Release of Claims.** Plaintiff and G4S release and forever discharge each other, as well as any of G4S's operating units, franchisees, licensees, subsidiaries, parent companies, holding companies, affiliates, owners, controlling entities, predecessors, successors, assigns, benefit plans and programs, agents, attorneys, insurers, vendors, officers, directors, and employees ("Releasees") from any and all demands, claims, liabilities, agreements, damages, losses, or expenses, attorneys' fees, or costs of any nature whatsoever, whether known or unknown ("Claims"), that they have, may have had, or may later claim to have had against each other for unpaid wages and claims under the Fair Labor Standards Act or any other wage and hour claim under federal, state, or local law.

5. **Covenant Not to Sue.** Plaintiff agrees that he has not filed or raised any charges, complaints, claims, lawsuits, grievances, arbitration demands or actions against any of the Releasees with any federal, state, or local court or agency. Plaintiff agrees that, except to the extent such right may not be waived by law, he will not commence any administrative or legal action or lawsuit or otherwise assert any legal claim or claim in equity seeking relief for any Claim released or waived by this Agreement.

6. **Warranties and Representations.** Plaintiff agrees that as of the date of this Agreement, he has no claim, liability, damage, loss or expense of any nature whatsoever against G4S or any of the other Releasees based on the protections provided by the Fair Labor Standards Act, 29 U.S.C. § 213 *et seq.*, or any other federal, state, or local wage and hour law.

7. **Medicare and Medicaid Representation.** Plaintiff agrees he is not, nor has he ever been, a Medicare beneficiary and that he is not currently receiving Social Security Disability benefits. Plaintiff further agrees he has not applied for Social Security Disability Benefits. Plaintiff understands that the Medicare Secondary Payer Act (42 U.S.C. 1395y(b)) applies to any personal injury settlement involving a Medicare beneficiary. As part of the Act, Plaintiff has an obligation to verify entitlement and resolve conditional payment, and the Releasees have an obligation to report. Plaintiff agrees Medicare has made no conditional payments for any medical expense or prescription expense related to this dispute. As part of this settlement, Plaintiff agrees to indemnify, defend and hold the Releasees harmless against and from any such Medicare reimbursement claims. Plaintiff also agrees he is not, nor has he ever been, a Medicaid recipient. Plaintiff further agrees Medicaid has not made any payment for any medical expense or

prescription expense related to this dispute. As part of this settlement, Plaintiff agrees to indemnify, defend and hold the Releasees harmless against and from any such Medicaid reimbursement claims.

8. **Entire Agreement.** This Agreement contains the entire agreement between the Parties regarding the matters set forth herein. No amendment or modification of the Agreement will be valid or binding unless made in writing and signed by all Parties.

9. **No Admission of Liability.** It is understood and acknowledged by all Parties that this is a settlement and compromise of disputed claims and is not and cannot be considered as an admission of liability or wrongdoing by any Party hereto; to the contrary, it is understood and acknowledged that all Parties expressly deny any liability, wrongdoing, or damages to each other. Plaintiff understands that if he claims unpaid wages in the future, he must complete the attached payroll correction form (Exhibit A) and submit it to both the G4S Jacksonville office, as well as Kara Nickholds at G4S corporate headquarters: kara.nickholds@usa.g4s.com.

10. **Choice of Law.** This Agreement shall be construed as a whole according to its fair meaning and shall be interpreted, governed, and construed under the laws of the State of Florida without reference to its choice of law rules.

11. **Severability.** The Parties agree that the terms of this Agreement are contractual and not merely recitals. Should any portion be found by a court of law to be invalid, void, illegal, contrary to law or public policy, or otherwise unenforceable, it is expressly agreed by the Parties that only such portion will be affected, and the remainder of the Agreement will stand in full force and effect as if such unenforceable provision had never been contained herein.

12. **Waiver.** Any failure by the Parties on one or more occasions to enforce or require strict compliance with any of the terms and conditions of this Agreement will not constitute a waiver of any such terms or conditions at any future time and will not prevent any Party from insisting on strict compliance with such terms and conditions at a later time.

13. **Rules of Construction.** The Parties agree that, should any provision of this Agreement require interpretation or construction, the person or court interpreting or construing this Agreement shall not apply a presumption that the provision shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed against the party who prepared the Agreement. It is agreed that all Parties participated in the drafting of this Agreement.

IN WITNESS WHEREOF, Plaintiff agrees that he is acting of his own free will and has caused the execution of this Agreement as of the date first written above.

WITNESSED:  
*Catherine Marshall*  
Print:

PLAINTIFF ANTONIO GARCIA:  
*Antonio Garcia* (signature)  
ANTONIO GARCIA

WITNESSED:

*Kadian Blanson*
Print:

G4S SECURE SOLUTIONS (USA), INC.:

_____
KADIAN BLANSON



# Payroll Correction Review Form

(Failure to complete all requested information may result in a delay in processing any correction.)

## Section 1. Employee Contact Information (Required)

| Employee Name (Last, First, Middle Initial) | Employee SSN (last four) | Phone Number | |
|---|---|---|---|
| Address | Apt. No | City | State | Postal Zip Code |

## Section 2. Discrepancy Details - To be filled out by employee

| Pay Period to be Corrected | Begin Date (Monday) | End Date (Sunday) | Branch / Location | Branch Contact |
|---|---|---|---|---|

**Time was reported / paid as follows:**

| | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday | Total |
|---|---|---|---|---|---|---|---|---|
| Date | | | | | | | | N/A |
| Client Name / Post | | | | | | | | N/A |
| Shift | | | | | | | | N/A |
| Rate Code | | | | | | | | |
| Hours Worked | | | | | | | | |
| Rate of Pay | | | | | | | | N/A |

**Time should have been reported / paid as follows:**

| | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday | Total |
|---|---|---|---|---|---|---|---|---|
| Date | | | | | | | | N/A |
| Client Name / Post | | | | | | | | N/A |
| Shift | | | | | | | | N/A |
| Rate Code | | | | | | | | |
| Hours Worked | | | | | | | | |
| Rate of Pay | | | | | | | | N/A |

Reason for correction:

| Employee Signature | | Date |
|---|---|---|
| Supervisor Name (please print) | Supervisor Signature | Date |
| General / Branch / Project Manager Name (please print) | General / Branch / Project Manager Signature | Date |

## Instructions

1. Enter all current contact information. If contact information is different than what appears on pay stub, fill out and attach a Form FM-010c to this form.
2. Enter the pay period beginning and ending dates that need to be corrected, Branch / Location, and the name of the Payroll contact person at that office.

   Enter the calendar dates (MM/DD) in the spaces provided. On each row, enter the original data as it appears on the attendance record or pay stub for that period. Hours should be entered in decimal form, (ex 8.0). If more than one shift was worked on the same day, affix a second form. All data must be entered for the week, even those entries that were paid correctly and have no changes. Enter the sum of the hours for the week.

   Enter the data as it should have been paid for that period. Enter information for the entire week, even correct entries. Sum up the hours for the entire week.

   Provide a reason for the correction, (example - "Attendance Record not submitted on time" or "Pay stub does not reflect hours on Attendance Record")

   Sign and date the form and keep a copy for your records. Obtain signatures from your immediate supervisor prior to submitting to your Payroll Contact.
3. Submit this form along with a copy of the paystub for the period in question and a FM-010c (if applicable) to the Payroll contact at your Branch / Location.

## Section 3. For Internal (Branch) use Only

| Date Received | Received By | Position Title | Branch / Location |
|---|---|---|---|
| Date Correction Entered | Employee Contacted | Additional Notes | |

FM-128 (02/20/12)   This document is proprietary to G4S Secure Solutions (USA) Inc.   Page ____ of ____