UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO GARCIA,

    Plaintiff,

v.                                                          CASE NO. 3:19-cv-561-J-34JBT

G4S SECURE SOLUTIONS
(USA) INC.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the parties' Joint Motion to Approve Settlement Agreement ("Motion") (Doc. 17) and their Joint Supplemental Memorandum in support thereof (Doc. 19).[2] The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 16.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the Settlement Agreement and

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] The Joint Supplemental Memorandum was filed in response to the Court's Order requiring further information regarding the proposed settlement and the amount of fees and costs. (Doc. 18.)

Mutual Release ("Agreement") (Doc. 17-1) be **APPROVED**, and this action be **DISMISSED with prejudice**.

## I. Background

Plaintiff filed the instant action seeking unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), as well as unpaid wages under Florida common law (Doc. 3). According to the Complaint, Plaintiff is employed by Defendant as a non-exempt CFO Security Officer. (*Id.* at 2–3.) During the relevant time period, Plaintiff worked in excess of forty hours per week, and Defendant failed to pay him the required minimum and overtime wages in violation of the FLSA and Florida law. (*Id.* at 3–6.) Plaintiff sought compensation for all unpaid minimum and overtime wages, liquidated damages, attorney's fees and costs, pre-judgment interest, and declaratory relief. (*Id.*) The parties now request that the Court approve their settlement of Plaintiff's claims. (Doc. 17.)

## II. Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[3]

---

[3] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

**III. Analysis**

The Agreement provides that Defendant will pay $1,237.50 to Plaintiff ($618.75 for unpaid overtime wages and $618.75 for liquidated damages) and $4,000.00 to Plaintiff's counsel for attorney's fees and costs. (Doc. 17 at 2; Doc. 17-1 at 1; Doc. 19 at 2.) The parties represent that Plaintiff's attorney's fees and costs

4

were agreed upon separately and without regard to the amount paid to Plaintiff. (Doc. 17 at 3; Doc. 19 at 3.)

The parties represent that the Agreement reflects a reasonable compromise of disputed issues, including whether Plaintiff was properly compensated for all hours worked and whether Defendant's records were accurate. (Doc. 19 at 2.) Specifically, Defendant's records and internal investigation revealed that Plaintiff had been properly compensated for all hours worked. (*Id.*) Plaintiff contended that Defendant's records did not account for all hours worked, and that he was thus owed additional minimum and overtime wages. (*Id.*) However, the Motion states that Plaintiff "determined that he received full payment for his unpaid and minimum wage claims after a review of the evidence," and that the settlement was reached "after weeks of settlement discussions by . . . counsel." (*Id.* at 3.)

Plaintiff initially estimated that he was owed a total of $2,400.00 for all three claims, including $1,237.50 for unpaid overtime wages and liquidated damages, and $1,162.50 for unpaid minimum wages. (*Id.* at 2.) However, in light of the aforementioned bona fide disputes and Plaintiff's representation by an attorney, the undersigned recommends that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount

the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorneys' fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorneys' fees and costs to be paid to his counsel. *See King*, 2007 WL 737575, at *4.

As noted above, Plaintiff's attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. (Doc. 17 at 3; Doc. 19 at 3.) Additionally, there is no reason to believe Plaintiff's recovery was adversely affected by the agreed-upon fees and costs. The amount of $4,000 for fees and costs appears reasonable on its face, and it appears that counsel is being adequately compensated for his work.[4] Thus, both aspects of the *Silva* attorneys' fee inquiry are satisfied.[5]

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 17**) be **GRANTED**.

2. The Settlement Agreement and Mutual Release (**Doc. 17-1**) be

---

[4] The undersigned does not recommend as reasonable counsel's claimed hourly rate of $525.00. (Doc. 19 at 3.) However, the undersigned recommends that counsel's effective hourly rate of approximately $190.25 is reasonable ($4,000.00 for fees and costs - $480.39 for costs = $3,519.61 for fees / 18.5 hours = $190.25 per hour). (*Id.*)

[5] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.

**APPROVED**.

3. This action be **DISMISSED with prejudice**.

4. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on September 16, 2019.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record